IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ISAIAH J. WALKER, | : |
| Petitioner, | : |
| v. | : Civil Action No. 15-630-RGA |
| DAVID PIERCE, Warden, and ATTORNEY GENERAL OF THE STATE OF DELAWARE, | : |
| Respondents. | : |

## MEMORANDUM OPINION

Isaiah J. Walker. *Pro se* Petitioner.

Gregory Smith, Deputy Attorney General of the Delaware Department of Justice, Wilmington, Delaware. Attorney for Respondents.

August 18, 2016
Wilmington, Delaware

*Richard G. Andrews* [signature]

ANDREWS, UNITED STATES DISTRICT JUDGE:

Petitioner Isaiah J. Walker ("Petitioner") is an inmate in custody at the James T. Vaughn Correctional Center in Smyrna, Delaware. Petitioner filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Petition"). (D.I. 3) The State contends that the Petition should be dismissed in its entirety as time-barred or, alternatively, as procedurally barred and meritless. (D.I. 10) For the reasons discussed, the Court will deny the Petition as barred by the limitations period prescribed in 28 U.S.C. § 2244.

## I. BACKGROUND

As set forth by the Delaware Supreme Court in Petitioner's post-conviction appeal:

> [On July 23, 2010, Petitioner] broke into his adoptive father's home [] and bludgeoned his father and his grandmother with a hammer while they slept. He fled in his father's car. When police arrived, both victims were in critical condition. Both lived but were institutionalized due to their traumatic injuries. Police later arrested [Petitioner] while he was driving the stolen vehicle. He had blood on him. He later confessed to the attacks.

*Walker v. State*, 105 A.2d 990 (Table), 2014 WL 7010825, at *1 (Del. Dec. 4, 2014). On May 3, 2011, Petitioner pled guilty to one count of attempted first degree murder, one count of first degree assault (as a lesser included offense of attempted first degree murder), two counts of possession of a deadly weapon during the commission of a felony ("PDWDCF"), first degree burglary, and theft of a motor vehicle. (D.I. 11, Appellant's App. in *Walker v. State*, No. 201, 2014, Plea Transcript dated May 3, 2011, at A41) On July 29, 2011, the Superior Court sentenced Petitioner to life plus twenty-one years at Level V incarceration. *See Walker*, 2014 WL 7010825, at *1.

On September 22, 2011, Petitioner filed a motion for sentence reduction, which the Superior Court denied on September 30, 2011. (D.I. 11, Del. Super. Ct. Crim. Dkt. Entry Nos. 21, 22) On May 25, 2012, Petitioner filed a notice of direct appeal, which the Delaware

Supreme Court dismissed as untimely on July 16, 2012. *See Walker v. State*, 49 A.3d 1194 (Table), 2012 WL 2914165 (Del. July 16, 2012).

Thereafter, on July 30, 2012, Petitioner filed a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion), which the Delaware Superior Court denied on March 31, 2014. (D.I. 11, Del. Super. Ct. Crim. Dkt. Entry Nos. 24, 49) Petitioner appealed, and the Delaware Supreme Court affirmed the Superior Court's decision on December 4, 2014. *See Walker*, 2014 WL 7010825, at *2.

Petitioner filed the instant Petition in July 2015. (D.I. 3) The Petition asserts three ineffective assistance of counsel claims.

## II. ONE YEAR STATUTE OF LIMITATIONS

AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). AEDPA's limitations period is subject to statutory and equitable tolling. *See Holland v. Florida*, 560 U.S. 631 (2010)(equitable tolling); 28 U.S.C. § 2244(d)(2)(statutory tolling).

Petitioner does not assert, and the Court cannot discern, any facts triggering the application of § 2244(d)(1)(B), (C), or (D). Consequently, the Court concludes that the one-year period of limitations began to run when Petitioner's conviction became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), a prisoner's judgment of conviction becomes final at "the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *see Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999); *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999). In this case, the Superior Court sentenced Petitioner on July 29, 2011. Under Delaware law, he had thirty days to file a direct appeal. *See* Del. Sup. Ct. R. 6(a)(iii)(imposing a thirty-day appeal period). The notice of appeal that Petitioner filed on May 25, 2012 was well-outside the thirty-day appeal period. *See Walker*, 2012 WL 2914165, at *1. Therefore, Petitioner's judgment of conviction became final on August 29, 2011, the date on which the time to appeal his sentence expired.[1]

Applying the one-year limitations period to that date, Petitioner had until August 29,

---

[1] The thirty-day appeal period actually ended on August 28, 2011, which was a Sunday. Therefore, the time for appealing extended through the end of the next day, Monday, August 29, 2011. *See* Del. Sup. Ct. R. 11(a).

2012 to timely file a habeas petition.[2] *See Wilson v. Beard*, 426 F.3d 653, 662-64 (3d Cir. 2005)(Fed. R. Civ. P. 6(a) applies to AEDPA's limitations period); *Phlipot*, 2015 WL 1906127, at *3 n. 3 (AEDPA's one-year limitations period is calculated according to the anniversary method, *i.e.*, the limitations period expires on the anniversary of the date it began to run). Petitioner, however, did not file the instant Petition until July 20, 2015,[3] almost three full years after that deadline. Thus, the Petition is time-barred and should be dismissed, unless the limitations period can be statutorily or equitably tolled. *See Jones,* 195 F.3d at 158. The Court will discuss each doctrine in turn.

### A. Statutory Tolling

Pursuant to § 2244(d)(2), a properly filed state post-conviction motion tolls AEDPA's limitations period during the time the action is pending in the state courts, including any post-conviction appeals, provided that the motion was filed and pending before the expiration of AEDPA's limitations period. *See Swartz v. Meyers*, 204 F.3d 417, 420-24 (3d Cir. 2000). The limitations period is also tolled for the time during which an appeal from a post-conviction decision could be filed even if the appeal is not eventually filed. *Id.* at 424. However, the limitations period is not tolled during the ninety days a petitioner has to file a petition for a writ

---

[2]The fact that 2012 was a leap year does not add an extra day under the anniversary method for calculating the limitations period. *See Phlipot v. Johnson*, 2015 WL 1906127, at *3 n. 3 (D. Del. Apr. 27, 2015).

[3]Although the Petition is undated, the envelope in which it was mailed is post-marked July 20, 2015. Therefore, pursuant to the prison mail box rule, the Court adopts July 20, 2015 as the date of filing. *See Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003)(the date on which a prisoner transmitted documents to prison authorities for mailing is to be considered the actual filing date).

4

of certiorari in the United States Supreme Court regarding a judgment denying a state post-conviction motion. *See Stokes v. Dist. Attorney of Philadelphia*, 247 F.3d 539, 542 (3d Cir. 2001).

Here, when Petitioner filed his motion for sentence reduction on September 22, 2011, twenty-three days of AEDPA's limitations period had already expired. The motion for sentence reduction tolled the limitations period through October 31, 2011, which includes the thirty-day period Petitioner had to appeal the Superior Court's September 30, 2011 denial of that motion.[4] The limitations clock started to run again on November 1, 2011, and ran another 272 days until Petitioner filed his Rule 61 motion on July 30, 2012. This Rule 61 motion tolled the limitations period through December 4, 2014, the date on which the Delaware Supreme Court affirmed the Superior Court's denial of the motion.

The limitations clock started to run again on December 5, 2014, and ran the remaining seventy days without interruption until the limitations period expired on February 13, 2015. Thus, even after the applicable statutory tolling, the Petition is time-barred, unless equitable tolling applies.

### B. Equitable Tolling

The one-year limitations period may be tolled for equitable reasons in rare circumstances when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649-50. With respect to the diligence inquiry, equitable tolling is not available where the

---

[4]The thirty-day appeal period actually ended on Sunday, October 30, 2011. Therefore, the appeal period extended through the end of the next day. *See* Del. Sup. Ct. R. 11(a).

late filing is due to the petitioner's excusable neglect. *Id.* As for the extraordinary circumstance requirement, "the relevant inquiry is not whether the circumstance alleged to be extraordinary is unique to the petitioner, but how severe an obstacle it creates with respect to meeting AEDPA's one-year deadline." *Pabon v. Mahanoy*, 654 F.3d 385, 400 (3d Cir. 2011). Notably, an extraordinary circumstance will only warrant equitable tolling if there is "a causal connection, or nexus, between the extraordinary circumstance [] and the petitioner's failure to file a timely federal petition." *Ross v. Varano*, 712 F.3d 784, 803 (3d Cir. 2013).

Petitioner does not assert, and the Court does not discern, that any extraordinary circumstances prevented him from filing his Petition in a timely manner. Even though Petitioner filed an Amended Petition and Memorandum after the State filed its Answer, that document does not contain any explanation for his late filing. (D.I. 15)[5] To the extent Petitioner's statement in the original Petition that his "post-conviction and supreme court appeal were pending" (D.I. 3 at 14) indicates Petitioner's belief that his Petition is timely as a result of statutory tolling, the Court has already determined that the Petition is untimely even after applying the relevant statutory tolling periods. Finally, to the extent Petitioner's untimely filing was the result of his own miscalculation of the one-year filing period, such mistakes do not warrant equitably tolling the limitations period. *See Taylor v. Carroll*, 2004 WL 1151552, at *5-6 (D. Del. May 14, 2004). Accordingly, the Court will dismiss the instant Petition as time-barred.[6]

---

[5] Petitioner states, "The State has brought forth the claim that petitioner has filed an untimely petition. That may be so." (D.I. 15 at 11). Petitioner also explains that he is "totally unaware and ignorant to the law," albeit in the context of explaining the untimely appeal to the Delaware Supreme Court. (*Id.*).

[6] Given its conclusion the Petition is time-barred, the Court will not address the State's alternative reasons for denying the Petition.

## III. PENDING MOTION

During the pendency of this proceeding, Petitioner filed a Motion to Amend his Petition (D.I. 9) and a Motion for an Evidentiary Hearing (D.I. 13). Having concluded that the instant Petition should be dismissed as time-barred, the Court will dismiss these two Motions as moot.

## IV. CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2254 petition must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011); 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court concludes that the instant Petition is time-barred, and reasonable jurists would not find this conclusion to be debatable. Accordingly, the Court will not issue a certificate of appealability.

## V. CONCLUSION

For the reasons discussed, the Court will dismiss the instant Petition without an evidentiary hearing. An appropriate Order will be entered.